IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LUCY LIZARDO,**

    Plaintiff

vs.                                    CASE NO. 8:01-CV-1938-T-23-TGW

                                            COLLECTIVE ACTION

**COAST DENTAL SERVICES,
INC.**

    Defendant.
_____/

## JOINT MOTION/MEMORANDUM FOR ORDER APPROVING SETTLEMENT OF COLLECTIVE ACTION AND APPROVING NOTICE OF SETTLEMENT

Plaintiff, **LUCY LIZARDO** ("Plaintiff") and Defendant, **COAST DENTAL SERVICES, INC.** ("Coast"), jointly petition this Court for entry of the attached Order Approving Settlement of Collective Action And Approving Notice Of Settlement (the "Order").

## MEMORANDUM OF LAW

Plaintiff filed this action on October 10, 2001 on behalf of herself and others similarly situated, alleging violations of the Fair Labor Standards Act of 1938, U.S.C. § 201 *et seq.* (FLSA), by her employer, Coast, while employed as an office manager at Coast. The complaint was filed as a collective action pursuant to FLSA § 216(b). Plaintiff worked for Coast as an office manager. Her individual, as well as the collective claim made in this matter, is that office managers often perform non-exempt work and did not receive overtime compensation for all hours over 40 per week. This practice occurred in those offices that did not have receptionists on staff. Coast has agreed to remediate this pay practice by (1) paying all office managers who worked without receptionists (and therefore had to perform receptionists duty work) overtime


SCANNED



compensation for the overtime hours worked; and (2) discontinuing the practice of not having receptionists at all offices and will henceforth staff all offices with a receptionist as well as an office manager.

The parties have carefully and exhaustively negotiated a settlement in this action. They have agreed to resolve the disputed factual and legal issues on terms set forth in the Settlement Agreement attached to the Proposed Order (the "Agreement"). Pursuant to the Agreement, the parties seek approval of the settlement and authorization to distribute the attached Notice and Consent To Join forms.

The parties believe that a brief hearing before the Court may be appropriate (but is not required), to allow counsel for the parties to present the Agreement to the Court and to respond to any questions. As the Eleventh Circuit Court of Appeals explained in <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350 (11th Cir. 1982), in the "context of suits brought directly by employees against their employer under Section 216(b) to recover back wages for FLSA violations," the parties must present any proposed settlement to the district court, which "may enter a stipulated judgment after scrutinizing the settlement for fairness." <u>Id</u>. at 1353. <u>See also</u> <u>Boone v. City of Suffolk, Va.</u>, 79 F. Supp. 2d 603, 605 (E.D. Va. 1999) (FLSA overtime settlement must be overseen by the Department of Labor or approved for fairness and reasonableness by a district court.)

This Court will find, after scrutinizing the settlement, that the Agreement is fair and should be approved. Specifically, the Agreement resolves a "<u>bona fide</u> dispute between the parties with respect to coverage [and] amount due under the Act." <u>Lynn's Foods</u>, at 1353 n.8. Furthermore, the plaintiff-employee was represented by experienced counsel, who, in the "adversarial context of a lawsuit," negotiated for the plaintiff a "reasonable compromise of

2

disputed issues." Id. at 1354. Here, the Agreement includes reservation of One Hundred Nine Thousand Five Hundred Sixty-Four ($109,564) Dollars for payment of all claims including payment of attorneys' fees and costs into a settlement fund and elimination of the compensation practices that gave rise to the complaint. In addition, factors indicating fairness are present, including the facts that the parties thoroughly investigated the issues; that the parties conserved substantial time and expense that would have been required had the case gone to trial; that, by settling, the class members have avoided a much longer wait before they received any monies; and that Coast has agreed to pay Plaintiff's counsel his reasonable attorneys' fees.[1] Settlements in the context of litigation, where there are bona fide issues on dispute and where employees are represented by "an attorney who can protect their rights under the statute" are to be allowed by district courts "in order to promote the policy of encouraging settlement of litigation." Lynn's Foods, 679 F.2d at 1354.

The settlement proposed was negotiated at arm's length by experienced counsel concerning bona fide disputes between their clients with respect to liability and the amount due under the FLSA. Moreover, the district court is authorized to facilitate notice and the distribution of opt-in forms under Section 216(b). Hoffman-LaRoche, Inc. v. Sperling, 493 U.S. 165, 168-69 (1989); Dybach v. State of Fla., 942 F.2d 1562, 1567-68 (11th Cir. 1991); Belcher v. Shoney's, Inc., 927 F.Supp. 249 (M.D. Tenn. 1996). These notice procedures under Section 216(b) merely permit potential plaintiffs to participate in the litigation and/or settlement by opting-in, and do not bind absent class members to the outcome of the case as in class action

---

[1] The parties have agreed that "reasonable attorney fees," in the context of this action, shall be in the amount of $34,936. This is a reduction of the usual litigation contingency of 40% ($43,825.60) which is authorized by the Florida Bar's Code of Professional Responsibility.

proceedings pursuant to Rule 23. See Kearns, The Fair Labor Standards Act, (BNA 1999) at 1160-62 (comparing § 216(b) and Rule 23 procedures).

In sum, the parties believe that the settlement is a fair and reasonable resolution of the disputed issues and that it should be approved by the Court through entry of the proposed Order.

Entry of the proposed Order will "secure the just, speedy and inexpensive determination" of this action. Fed. R. Civ. P. 1.

Dated: _____11/4/02_____

_____
DAVID J. LINESCH, ESQ.
Florida Bar No. 0376078
The Linesch Firm
700 Bee Pond Road
Palm Harbor, FL 34683
Voice: (727) 786-0000
Facsimile: (727) 786-0974
Attorney for Plaintiff

_____
MARY LI CREASY, ESQ.
Florida Bar No. 888310
Shumaker, Loop & Kendrick, LLP
101 East Kennedy Blvd., Suite 2800
Tampa, FL 33602
Voice (813) 229-7600
Facsimile: (813) 229-1660
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUCY LIZARDO,

    Plaintiff

vs.                                                 CASE NO. 8:01-CV-1938-T-23-TGW

                                                          COLLECTIVE ACTION

COAST DENTAL SERVICES,
INC.

    Defendant.
_____/

## ORDER APPROVING SETTLEMENT OF COLLECTIVE ACTION AND APPROVING NOTICE OF SETTLEMENT

**BEFORE THE COURT** is the Joint Motion/Memorandum for Order Approving Settlement of Collective Action and Approving Notice of Settlement (Dkt. ___). The Court conducted a hearing on _____, 2002, and having reviewed the filed, hearing argument of counsel and being otherwise fully advised, concludes that the joint motion should be **GRANTED**.

The Court finds that the proposed settlement is fair and reasonable compromise of a bona fide dispute arising under the Fair Labor Standards Act for the recovery of unpaid overtime compensation on behalf of the Plaintiff and all employees and former employees of Defendant who were similarly situated. Lynn's Food Stores, Inc., 679 F.2d 1350 (11th Cir. 1982). Accordingly, it is

**ORDERED AND ADJUDGED** that the proposed settlement of collective action is **APPROVED** and the proposed notice attached to the Joint Motion For Order Approving

Settlement is **APPROVED**. The parties are directed to comply with the proposed settlement including but not limited to providing notice as set forth in the settlement.

**DONE AND ORDERED** in chambers, Tampa, Florida this _____ day of _____, 2002.

_____
**STEVEN D. MERRYDAY**
**United States Judge**

Copies to:
Counsel Record
Law Clerk